IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VANCE S. ELLIOT, | No. C 14-80009 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING PERMISSION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| THE DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

In January 2014, plaintiff filed a complaint alleging slander against the Department of Veterans Affairs. In an order issued January 27, 2014, Elliot's request to proceed in forma pauperis was denied because his complaint was largely illegible. (ECF No. 3). Plaintiff then lodged an amended complaint on February 4, 2014. (ECF No. 4). While parts of the new complaint are still difficult to read, the document is sufficiently legible to communicate the legal theory underpinning Elliot's claim. Elliot, a veteran of the Korean War, met with a psychiatrist employed at a VA medical facility. According to the complaint, the VA psychiatrist diagnosed Elliot with schizophrenia. She then entered his diagnosis into the VA medical database, "from which it could be retrieved by anyone keying into his/her computer the last 4 digits of plaintiff's Social Security Number[.]" (Compl. ¶ 3). This, Elliot claims, constitutes the tort of slander.

When a federal employee acts within the scope of his or her employment and commits a tort, any relief for that tort must be sought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* Before a claimant can assert an FTCA claim in federal court, he must first exhaust administrative remedies. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). In particular, he must present the claim "in writing to the appropriate Federal agency within two years after such claim accrues." § 2401(b). If the agency denies the claim in writing, the claimant can then file an FTCA action in federal court. *Id.* He must do so, however, within six months of the administrative denial. *Id.*

Plaintiff has apparently failed to comply with the procedural requirements of the FTCA. First, the complaint pleads no facts indicating that Elliot exhausted his administrative remedies before the VA. If he presented a claim in writing to the agency, no legible portion of his complaint indicates as much. Second, even if Elliot filed an administrative claim with the VA, relief would be barred unless said claim was lodged by May 2012. Third, assuming he *did* file a timely complaint with the VA, this federal lawsuit would nonetheless be time-barred unless it was filed within six months of the VA's written denial of his administrative claim. Because the complaint contains no suggestion that Elliot exhausted his administrative remedies in a timely fashion, it must be dismissed. *See Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984).

Plaintiff is granted leave to amend his complaint to the extent he can plead facts indicating that he satisfied the FTCA's procedural requirements. Any amended complaint must be filed within thirty (30) days of the date of this order. In the meantime, Elliot's request to proceed in forma pauperis is granted.

IT IS SO ORDERED.

Dated: 4/2/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Vance S. Elliott
640 Eddy Street, #219
San Francisco, CA 94109


DATED: 4/2/14

/s/ Chambers Staff
Chambers of Judge Richard Seeborg